ALLEN MITCHELL, Plaintiff in Error, v. SAMUEL FULBRIGHT, Defendant in Error.

*Limitations—Sheriff.*—An action against a sheriff upon a liability incurred by the doing of an official act, or by the omission of an official duty, is barred by failure to prosecute within three years. (R. C. 1855, p. 1048, § 4.)

*Execution—Practice.*—The statute of limitations may be set up by the sheriff as a defence to a motion for judgment against him under sec. 67 of the act respecting executions, R. C. 1855, p. 751, without being specially pleaded·

*Error to Greene Circuit Court.*

. The appellant here obtained a judgment against John McHenry in the Greene Circuit Court, in 1855, for one hundred and ninety-seven dollars and eighty-one cents, and execution therefor was issued from the office of said Circuit Court directed to the sheriff of said county of Greene, and returnable to the March term, 1856, of said court. At that time the respondent here was the sheriff of the county of Greene. The respondent levied said writ of execution on certain real estate situate in the city of Springfield, as the property of the said McHenry. At the term of the court to which said writ was made returnable, the respondent exposed said real estate to sale, and one Joshua Bailey bid five hundred dollars for the same; and he being the highest bidder therefor, the same was stricken off to him. The said Bailey, after having purchased the same, refused to pay the purchase money therefor, and the respondent so made his return on said execution.

Subsequently, at the August term, 1859, of said Greene Circuit Court, the appellant filed a motion for said court to enter up judgment against the respondent for the amount of the judgment that the appellant had against the said McHenry.

The said motion was by the court overruled, and appellant excepted.

*Sample Orr,* for appellant.

The return of the officer shows that he levied on and sold lots 43 and 44, block 14, in the city of Springfield, as the prop-

erty of John McHenry, the defendant in the execution, and that Joshua Bailey bid it off at the sum of five hundred dollars, but refused to pay the money. This showing of said sheriff by his return makes him liable to appellant, whether he ever collected the money or not. (R. C. 1855, p. 751, § 67.)

It is fair to infer everything against the return of a sheriff which a departure from the statute will warrant. (Blanton v. Jamison, 3 Mo. 39.)

In an action against a sheriff for failing to make return of an execution, the burden of proof is on the sheriff; the plaintiff is not compelled to prove the allegations in his petition or motion, that the sheriff did not make return of the execution according to the command thereof. (See State, to the use of Sublette & Campbell, v. Metton et al., 8 Mo. 417.)

If the sheriff relies on a statement of the facts for a return, it must be equivalent to *nulla bona*, or it will not justify or protect him. Should he levy on property by mistake as the property of the defendant, when in fact it was the property of a stranger, that might excuse him. In this case the only excuse he makes is, that Joshua Bailey bid off the property and refused to pay the money; but does not pretend that any other person claimed the property, or that the defendant did not own other property in his county. It was his duty to have resold said property forthwith before making any return, and recover the difference or deficiency, if any, by motion before any court having jurisdiction. (See R. C. 1855, p. 147, § 49.) The statute gives no remedy to any other person than the sheriff. The plaintiff could bring no action against the bidder; and if the endorsement on the execution in this case is a justification to the sheriff, can it not also be plead in bar to any other execution issued on the same judgment? (Denton et al. v. Livingston, 9 John. 96.) There is nothing in respondent's brief. He says respondent returned the facts; if so, it amounts to no return. As to the plea of limitation, I suppose this court will not adjudicate on a point not raised before the lower court.

As it must be manifest to this court that the Circuit Court ought to have given judgment against said sheriff, I shall ask that such judgment be rendered by this court as the court below ought to have rendered. (See Practice in Civil Cases, R. C. 1301.)

*Parsons*, for respondent.

I. The court below very properly overruled the motion of the appellant. The respondent made his returns on the execution of the court below in conformity with the facts. There was no evidence offered below in contravention to the facts stated by respondent in his return on the execution.

The record plainly shows that if respondent did incur a liability as the sheriff of Greene county, by the omission of an official duty, as alleged by appellant, he was not liable when this action was instituted; for the right of action of appellant, if he had any right at all, did not accrue within three years next before the commencement of appellant's action, and hence it was barred by the statute of limitations. (2 R. C. 1855, p. 1047 & 1048, § 1 & 4.)

BATES, Judge, delivered the opinion of the court.

This proceeding is barred by the act of limitation. (R. C. 1855, title Limitation, Art. 2, § 4, p. 1048.) It being a summary proceeding by motion, in which no form of pleading is prescribed, we cannot require that the act of limitation shall have been formally pleaded.

Judgment affirmed. Judges Bay and Dryden concur.